# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-cr-00670-10 |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| v. | ) | |
| JORGE DIAZ, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Jorge Diaz, who is currently detained pending sentencing, filed a motion to travel to attend his grandfather's funeral. (ECF No. 293.) The Court construes the motion as one for temporary release under 18 U.S.C. § 3142(i).

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Diaz was arrested on September 21, 2021 in this district on an indictment charging that he, along with several co-defendants, violated various federal drug statutes. Specifically, Mr. Diaz was charged in Count 1 with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and in Count 28 with use of a communication facility to facilitate a drug offense in violation of 21 U.S.C. §§ 843(b) and (d)(1). (ECF No. 1, ¶¶ 1–194 & 213, PageID #1–47 & 56.) The allegations as to Mr. Diaz are that he re-distributed drugs he received from his co-Defendant Lloyd Young in the Lorain, Ohio area. (*Id.*) According to his plea agreement with the United States, Mr. Diaz possessed and distributed approximately 168 grams of cocaine.

1

Under the advisory Sentencing Guidelines and Mr. Diaz's plea agreement, and in light of his criminal history, these charges carry potential penalties of approximately two to three years in prison. At his arraignment on September 21, 2021, Mr. Diaz pled not guilty, and the Magistrate Judge continued his detention. Mr. Diaz waived a detention hearing. (Minutes, September 21, 2021; ECF No. 33.) On February 6, 2023, Mr. Diaz changed his plea to guilty as to Counts 1 and 28 of the indictment. The Court continued his detention pending sentencing. (Minutes, February 6, 2023.)

## ANALYSIS

Under the Bail Reform Act, the Court may order the temporary release of a defendant detained while he awaits trial "in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Temporary release under Section 3142(i) does not disturb the original detention order and is not a release from custody. *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020). Further, the defendant has the burden of establishing circumstances warranting temporary release. *Id*. at *2.

In his motion, Mr. Diaz represents that he received a late-night phone call from his mother on April 24, 2023 informing him that his grandfather passed away and that funeral services are planned for April 26, 2023. (ECF No. 293, PageID #1638.) According to Mr. Diaz, his grandfather "effectively raised him and played key roles

2

in [his] upbringing and life." (*Id.*) He supports his motion with an obituary for Luis Serrano, which states that services for the deceased will be held in Lorain, Ohio starting at 11:00 a.m. on Wednesday, April 26, 2023. (ECF No. 293-1, PageID #1640–41.)

Mr. Diaz's counsel reports that, if released on temporary bond, Mr. Diaz's family friend of twenty-seven years Ms. Barbara Hobart would assume custody of him. The United States has not filed a response to Defendant's motion. However, the Court anticipates the United States would oppose the request.

**ORDER**

The motion before the Court presents a close question. Mr. Diaz faces serious charges. Other judicial officers have determined that these facts, along with certain other aspects of Mr. Diaz's background, warrant detention pending trial. Defendant seeks temporary release to the area where the conduct giving rise to the charges he faces occurred. This presents serious concerns that Mr. Diaz, in surroundings where he engaged in conduct giving rise to the charges, may fall into familiar habits or commit new offenses, directly or indirectly.

Still, based on the record before the Court, the Court finds that Mr. Diaz has carried his burden of establishing circumstances warranting temporary release to attend his grandfather's funeral, subject to strict terms and conditions. Specifically, to protect the public adequately and ensure Mr. Diaz's appearance in these proceedings, the Court **ORDERS** the following:

(1) The U.S. Pretrial Services Office for the Northern District of Ohio shall supervise Mr. Diaz during the period of his temporary release;

(2) Mr. Diaz's mother Ms. Elizabeth Carballo-Robles and family friend Ms. Barbara Hobart will provide their addresses to Pretrial Services; Ms. Carballo-Robles and Ms. Hobart shall also supply their cell phone numbers, email addresses, work phone numbers, and home phone numbers to Pretrial Services, which shall provide any of this information, as needed, to the U.S. Marshals Service or others reasonably necessary to execute and enforce this Order;

(3) Pretrial Services shall outfit Mr. Diaz with the equipment necessary for GPS/Stand Alone location monitoring at the Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio;

(4) After Mr. Diaz is outfitted with the appropriate location monitoring equipment, the U.S. Marshals Service shall place Mr. Diaz in the custody of Ms. Hobart, who may take custody of him at the Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio;

(4) Ms. Hobart shall directly and immediately transport Mr. Diaz to Lorain, Ohio for Mr. Serrano's services;

(5) During his temporary release, Mr. Diaz is subject to around-the-clock GPS location monitoring; he may only be at Dovin Funeral and Cremation Specialists, 2701 Elyria Ave., Lorain, Ohio, 44055, and the church and cemetery, as the case may be, where his grandfather's services are held;

(6) Ms. Hobart shall report any violation of the terms of this temporary release order and, as a condition of temporary release, subjects herself to the jurisdiction of the Court to enforce this Order and shall ensure that Mr. Diaz returns to the custody of the U.S. Marshals Service no later than that date set forth in this Order; and

(7) Absent a further Order of the Court, on April 26, 2023, Ms. Hobart shall return Mr. Diaz to the custody of the U.S. Marshals Service at the Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio no later than 5:00 p.m.; and

(8) As an additional condition of this temporary release, the Court **ORDERS** Mr. Diaz and Ms. Hobart to post a $20,000 unsecured bond for which they shall be jointly and severally liable.

Any violation of the terms of this Order shall result in immediate and summary revocation of temporary release and such further sanctions as the Court finds appropriate.

**SO ORDERED.**

Dated:  April 25, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio